B.**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Criminal Case No. 07-65 (GK) |
| : | |
| CHRISTIAN FERNANDO BORDA and : | |
| ALVARO ALVARAN-VELEZ, : | |
| : | |
| Defendants. : | |
| : | |

## MEMORANDUM OPINION

On December 9, 2010, Defendants Christian Fernando Borda ("Borda") and Alvaro Alvaran-Velez ("Alvaran") were convicted by a jury under the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951 et seq., of conspiring to distribute five kilograms or more of cocaine with the intent or knowledge that the cocaine would be unlawfully imported into the United States. See Verdict Form as to Borda [Dkt. No. 207]; Verdict Form as to Alvaran [Dkt. No. 209]; 21 U.S.C. §§ 959, 960, 963.

More than two and a half years later, the case is before the Court on Defendants' Supplemental Motion for Judgment of Acquittal or Alternatively, Motion to Dismiss Indictment for Lack of Venue [Dkt. No. 387]. Upon consideration of the Motion, the Opposition [Dkt. No. 391], the Reply [Dkt. No. 396], the

entire record herein, and for the reasons set forth below, Defendants' Motion is **denied**.

## I.    Background

On March 16, 2007, Defendants were indicted in the District of Columbia for conspiracy to smuggle five kilograms or more of cocaine into the United States.   See 21 U.S.C. §§ 959(a) and 963.   In 2008 and 2009, Defendants were arrested in Colombia, where they were residing, and subsequently extradited to the United States, where they appeared in this Court on December 9, 2009.

A jury trial began on November 1, 2010.   The evidence at trial established that Defendants and others arranged for two loads of cocaine to be transported from Colombia to Mexico concealed in commercial shipments of palm oil, and that they discussed transporting a third load, but ultimately never did so.   All of Defendants' acts in negotiating and arranging the shipments took place in Colombia and Mexico. The central issue at trial was whether Defendants knew or intended that the cocaine would reach the United States.

The jury returned guilty verdicts on December 9, 2010, after which Defendants moved for judgment of acquittal under Federal Rule of Criminal Procedure 29.   The Court denied that Motion in a Memorandum Opinion on March 9, 2011 [Dkt. No. 238]. Defendants then moved for a new trial under Federal Rule of

Criminal Procedure 33, which the Court denied in a Memorandum Opinion on April 27, 2011 [Dkt. No. 249]. Defendants next moved to vacate the jury verdict and to dismiss the indictment under the Fifth Amendment's Due Process Clause and Federal Rule of Criminal Procedure 6(e), which the Court denied in a Memorandum Opinion on November 27, 2012 [Dkt. No. 376]. Defendants also moved to dismiss the case or for a new trial pursuant to Brady v. Maryland, 373 U.S. 83 (1963). After post-trial discovery and extensive briefing, the Court denied that Motion on April 22, 2013 [Dkt. No. 378]. The Court then scheduled sentencing.

Thereafter, on May 19, 2013, Defendants filed the instant Supplemental Motion for Judgment of Acquittal or, Alternatively, Motion to Dismiss for Lack of Venue [Dkt. No. 387]. The Court ordered the Government to respond, which the Government did by filing an Opposition [Dkt. No. 391] on June 10, 2013. On June 24, 2013, Defendants filed their Reply [Dkt. No. 396].

## II.  Standard of Review and General Principles of Venue

The Government's choice of venue is constrained in the first instance by two constitutional provisions and one procedural rule. Article III of the Constitution provides that:

> Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed; but when not committed within any State, the Trial shall be at such Place or Places as the Congress may by Law have directed.

U.S. Const. art. III, § 2, cl. 3.   The Sixth Amendment states that an "accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district where the crime shall have been committed[.]"   U.S. Const. amend. VI. Rule 18 of the Federal Rules of Criminal Procedure implements these directives and requires a criminal prosecution to take place "in the district in which the offense was committed" except when "a statute or the[] rules permit otherwise."   Fed. R. Crim. P. 18.

"[T]he government bears the burden of establishing by a preponderance of the evidence that venue is proper with respect to each count charged against the defendant."   United States v. Haire, 371 F.3d 833, 837 (D.C. Cir. 2004) , vacated on other grounds, 543 U.S. 1109 (2005) (citing United States v. Lam Kwong-Wah, 924 F.2d 298, 301 (D.C. Cir. 1991)).   This does not mean, however, that venue is an element of the offense that must be decided by a jury.   "Venue is a jury question only if 'the defendant objects to venue prior to or at the close of the prosecution's case-in-chief,' 'there is a genuine issue of material fact with regard to proper venue,' and 'the defendant timely requests a jury instruction.'"   United States v. Nwoye, 663 F.3d 460, 466 (D.C. Cir. 2011) (citing Haire, 371 F.3d at 840).

It is well established that a defendant can waive his venue rights altogether "just by his failure to lodge an objection prior to trial."   United States v. Burroughs, 161 F. App'x 13, 14 (D.C. Cir. 2005) (internal quotations marks omitted) (citing Fed. R. Crim. P. 12(b)(3), (e); United States v. Gaviria, 116 F.3d 1498, 1517 n.22 (D.C. Cir. 1997)); see also United States v. Wilson, 26 F.3d 142, 151 (D.C. Cir. 1994) ("It has long been settled in this circuit and elsewhere . . . that a defendant may waive his right to proper venue.") (citations omitted).

## III. Analysis

Defendants make two main arguments as to why venue was improper.  First, they maintain that because some of the cocaine at issue in the case made its way to New York and Texas, they had a constitutional right to be tried in one of these states. Mot. at 2-3.  Second, they contend that even if the Constitution didn't mandate an alternative venue, the venue statute relied upon by the Government was actually inapplicable to their case, and a different venue statute permitted them to be tried in New York, New Jersey, Florida, or Texas, but not in Washington D.C. Mot. at 7-9.

### A.   Defendants Waived Their Right to Challenge Venue Under 21 U.S.C. § 959(c)

Defendants were tried in this District pursuant to 21 U.S.C. § 959(c), which states:

- 5 -

> This section is intended to reach acts of manufacture
> or distribution committed outside the territorial
> jurisdiction of the United States. Any person who
> violates this section shall be tried in the United
> States district court at the point of entry where such
> person enters the United States, or in the United
> States District Court for the District of Columbia.

Defendants now argue that Section 959(c) was inapplicable to their case because they were charged with conspiracy under 21 U.S.C. § 963, rather than a direct violation of Section 959. Defendants contend that a conspiracy to violate § 959 is subject to the same penalties as a violation of § 959, but not the same venue rule.[1]  They assert that 18 U.S.C. § 3238 supplies the proper venue rule instead.

Whatever the merits of Defendants' argument, they have long since waived it.  Prior to trial, the parties submitted a Joint Pretrial Statement in which Defendants affirmatively agreed that venue was proper under 21 U.S.C. § 959(c), and stated that "[t]he government is not required to show that any of the alleged criminal acts occurred within the District of Columbia." See Joint Pretrial Statement at 58 [Dkt. No. 99].

Defendants provide no justification for their belated change of position on this point.  None of the information they

---

[1]  Section 963 reads: "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."  21 U.S.C. § 963.

purportedly learned for the first time at trial, or afterward, is at all relevant to whether Section 959(c) applies to a conspiracy prosecution under Section 963 as a matter of law. Having affirmatively relieved the Government of any burden of proof as to venue before trial, Defendants' may not now be heard to complain that "[n]ot a scintilla of evidence links the conspiracy to the District of Columbia." Mot. at 7.[2]

### B.   The Constitution Did Not Require Defendants to Be Tried in New York or Texas

Defendants' only effort to explain their multi-year delay in asserting their constitutional challenge is their contention that the Government's pre-trial discovery gave them no reason to believe there was any evidence linking their crime with the territorial United States.   Mot. at 3.   Instead, Defendants claim to have been taken by surprise at trial when one of the Government cooperators testified that some of the cocaine was delivered to New York.   Defendants also point to evidence they

---

[2] Defendants contend that they may raise a venue objection at any time prior to appeal of their case.   Reply at 1-3.   This is wrong.   Absent good cause, a criminal defendant waives an objection to venue where "he failed to [make it] before trial." Burroughs, 161 F. App'x at 14 (emphasis added) (citations omitted); see also United States v. Cordero, 668 F.2d 32, 44 (1st Cir. 1982) ("[C]ourts have consistently ruled that a claim of improper venue must be raised at least prior to verdict.") (citations omitted).   Here, Defendants not only failed to object to § 959(c) before the conclusion of their trial, they affirmatively agreed to it, and thereafter did not object until two and a half years after their convictions.   These facts demonstrate a clear case of waiver.

received after trial indicating that some of the cocaine was sent to Texas.   According to Defendants, before hearing their co-conspirator's testimony at trial, they had no reason to know they had a basis to challenge venue in the District of Columbia under Article III of the Constitution.  Mot. at 3.  Even if this is true, however, it does not explain why Defendants didn't immediately object to venue upon hearing the testimony that connected their crime with the state of New York, rather than wait for two and a half years after their conviction.

In any event, the Court concludes that Defendants' constitutional challenge is meritless.  Where a crime was "not committed within any State," the Constitution permits such crime to be prosecuted in any district statutorily designated by Congress.  U.S. Const. art. III, § 2, cl. 3.  "The 'essence of conspiracy is an agreement to commit an unlawful act.'"  Mot. at 4 (emphasis added) (quoting United States v. Jimenez Recio, 537 U.S. 270, 274-75 (2003)).  An "overt act" is not an element of conspiracy under 21 U.S.C. § 963.  United States v. Mejia, 448 F.3d 436, 445 (D.C. Cir. 2006).  As Defendants themselves concede, their agreement to smuggle cocaine occurred in Mexico and Colombia, entirely outside of the United States.  See Mot. at 2 ("All negotiations and logistical operations occurred in Columbia and Mexico.") (emphasis added).  Therefore, Defendants' crime was "not committed within" any State.

Columbia and Mexico.") (emphasis added).  Therefore, Defendants'
crime was "not committed within" any State.

The fact that some of the cocaine was ultimately delivered
to certain states by way of Defendants' co-conspirators may have
permitted the Government to prosecute Defendants in those
states.   18 U.S.C. § 3237(a); see, e.g., United States v.
Watson, No. 10-3010, 2013 WL 2395072, at *2 (D.C. Cir. June 4,
2013) ("venue is proper in any jurisdiction where any co-
conspirator committed an overt act in furtherance of the
conspiracy.") (citations omitted).  However, it did not require
Defendants to be tried in those states because "[v]enue may be
proper in more than one district." Lam Kwong-Wah, 924 F.2d at
301.

Instead, the Constitution requires only that Defendants be
tried in "such Place or Places as the Congress may by Law have
directed."  U.S. Const. Art. III, § 2, cl. 3.  See also Cook v.
United States, 138 U.S. 157, 182-183 (1891) ("A crime . . .
committed against the laws of the United States, out of the
limits of a state, is not local, but may be tried at such place
as congress shall designate by law.").   That mandate was
satisfied because, as discussed below, Defendants were
prosecuted in this District pursuant to 21 U.S.C. § 959(c).

IV.   **CONCLUSION**

For the foregoing reasons, Defendants' Supplemental Motion for Judgment of Acquittal or Alternatively, Motion to Dismiss Indictment for Lack of Venue is **denied**.   An Order will accompany this Memorandum Opinion.

July 2, 2013

Gladys Kessler
United States District Judge

**Copies to**:  **Attorneys of Record via ECF**

- 10 -